UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:17-cr-00024-JMS-MJD-01 |
| | ) |
| JAMES D. VICTERY, | ) |
| | ) |
| Defendant. | ) |

**Order Denying First Step Act Motion**

Pending before the Court is Defendant James D. Victery's motion for sentence reduction under the First Step Act of 2018, Pub. L. No. 115, 132 Stat. 5194, 5239 (2018). Dkt. 126. Mr. Victery asks the Court to reduce his sentence to time served and order that he be released to live with his elderly mother in Indianapolis, Indiana. For the reasons stated below, the Court **denies** the motion.

## Background

On December 18, 2017, this Court sentenced Mr. Victery to 48 months of imprisonment in the Bureau of Prisons (BOP) for two counts of wire fraud in violation of 18 U.S.C. § 3143, and two counts money laundering in violation of 18 U.S.C. § 1957, followed by three (3) years of supervised release. Dkt. No. 73. Mr. Victery's sentence will be satisfied on August 5, 2021, via Good Conduct Time (GCT). Dkt. 139-1 at 6. Without GCT, his full-term release date would be March 9, 2022. *Id*. at 8.

Mr. Victery filed a pro se motion for reduction of sentence on March 20, 2020. Dkt. 126. The Court appointed counsel. Dkt. 132. On March 31, 2020, appointed counsel filed a memorandum in support of Mr. Victery's motion. Dkt. No. 135.

The government responded, dkt. 139. The response indicated that Mr. Victery was released to home detention on May 21, 2020, after serving approximately twenty-six (26) months of his sentence. Dkt. 139-1 at 10-15. He currently resides with his elderly mother in Indianapolis. Dkt. 139-3.

Mr. Victery replied, arguing that, despite his release to home confinement, he is still entitled to compassionate release for the same reasons set forth in his motion and memorandum because he is still under BOP custody while on home confinement. Dkt. 140.

## Discussion

Mr. Victery seeks relief under § 603(b) of the First Step Act, which is codified at 18 U.S.C. § 3582(c)(1)(A)(i). *See* 132 Stat. at 5239. That section provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.[1]

Congress has directed the United States Sentencing Commission ("the Commission") to further define "extraordinary and compelling reasons." 28 U.S.C. § 994(t) ("[T]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific

---

[1] Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)).

examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). The relevant policy statement appears at United States Sentencing Guidelines Manual §1B1.13. As relevant here, the policy statement provides that a court may reduce a sentence if,

> after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . [(1)] extraordinary and compelling reasons warrant the reduction . . . ; (2) [t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) [t]he reduction is consistent with this policy statement.

U.S.S.G. Manual § 1B1.13.

The application notes to the policy statement identify four possible "extraordinary and compelling reasons" justifying a sentence reduction. *Id.*, Application Note 1. Mr. Victery relies on the third, which provides that "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" is an "extraordinary and compelling reason[ ]." *Id.*, Application Note 1.[2]

---

[2] The policy statement actually provides that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. Manual §1B1.13, Application Note 4. This policy statement has not been amended since the passage of the First Step Act. Insofar as it states that only the Director of the BOP can bring a motion under § 3582(c)(1)(A), it is directly contradicted by the amended statutory text. This discrepancy has led some courts to conclude that the Commission does not have a policy position applicable to motions under § 3582(c)(1)(A)(i) and that they have discretion to determine what constitutes an "extraordinary and compelling reason" on a case-by-case basis, looking to the policy statement as helpful, but not dispositive. *See, e.g.*, *United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (Apr. 2, 2020) (collecting cases); *see also United States v. Haynes*, No. 93 CF 1043 (RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases). Other courts have held that they must follow the policy statement as it stands and, thus, that the Director of the BOP is the ultimate arbiter of what counts as "extraordinary and compelling" under the catchall provision. *See, e.g.*, *United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019). The Court need not resolve that debate, though, because Mr. Victery's motion is due to be denied even if the Court assumes that the policy statement is not binding and that is has the discretion to determine what constitutes an "extraordinary and compelling reason" for a sentence reduction.

3

Mr. Victery contends that "extraordinary and compelling reasons" support a sentence reduction because he is the only available caregiver for his ailing mother who currently relies on charity for basic life necessities such as grocery delivery during the Covid-19 pandemic. Dkt. 135 at 6–7. He argues that, although the guidelines do not specifically include caring for a parent, "the relationship is significantly akin to that contemplated by the guidelines to be similarly included," and other courts have agreed. *Id.* (citing *United States v. Bucci*, 409 F.Supp.3d 1, 2 (D. Mass 2019)). Mr. Victery further argues that he is not a danger to the community and that the § 3553(a) factors support a sentence reduction. *Id.* at 9–11.

The government concedes that the § 3553(a) factors do not preclude a reduction of Mr. Victery's sentence and that Mr. Victery is not a danger to the safety of any other person. Dkt. 139 at 4. The parties disagree, however, about whether Mr. Victery has shown "extraordinary and compelling reasons" warranting a sentence reduction. The Court concludes that he has not.

The Court need not determine whether Mr. Victery's argument that he is the only available caregiver for his mother qualifies as an "extraordinary and compelling reason" warranting a sentence reduction under the policy statement. Mr. Victery was released to home confinement while his motion was pending. He now lives with his elderly mother and is therefore able to care for her. Thus, even if the Court concluded that caring for a parent could quality as an "extraordinary and compelling reason" to reduce Mr. Victery's sentence, his release to home confinement allows him to care for his mother now, eliminating or mitigating the potentially "extraordinary and compelling reason" warranting a sentence reduction. Accordingly, the Court concludes that "extraordinary and compelling reasons" do not warrant a sentence reduction in this case.

Mr. Victery's motion for sentence reduction, dkt. [126], is **denied**.

**IT IS SO ORDERED.**

Date: 6/16/2020

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel