UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES D. VICTERY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-04917-JMS-DLP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Order, James Victery's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue**.**

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

Mr. Victery was found guilty by a jury of two counts of wire fraud and two counts of money laundering "for perpetrating a scheme to defraud the United States Air Force and its contractors." *United States v. Victery*, 751 F. App'x 931 (7th Cir. 2019). Affirming his conviction, the Seventh Circuit explained:

> At trial, the government submitted evidence that Victery owned and operated a business known as TEAM, a bonding and escrow company that served as a liaison between the Air Force and various small contractors. Through TEAM, Victery facilitated the sale of contractor invoices to financing companies including FedSTAR, the victim in this case, for a percentage of their face value. This process is referred to as "factoring" an invoice, and it is often utilized in government contracts to ensure that the contractors receive payment for their work sooner. As part of his scheme, Victery fabricated two invoices, forged the purported contractors' signatures and the Air Force contracting officer's on a factoring agreement, and sold them to FedSTAR, which paid him almost $590,000 that he then used for his own business expenses. He also purported to supply surety bonds for two small contractors who lost their Air Force contracts when it was revealed that the bonds were false.

*Id.* at 931-32.

## III. Discussion

In support of his § 2255 motion, Mr. Victery claims that his counsel provided ineffective assistance. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test,

2

the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether, in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.* On the prejudice prong, a petitioner "must show that but for counsel's errors, there is a reasonable probability that the result would have been different." *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (cleaned up).

### A. Plea Offer

Mr. Victery argues that his counsel failed to relate to him that the prosecutor was "making overtures" regarding a possible plea offer. Dkt. 4 at 4. "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012); *Lafler v. Cooper*, 556 U.S. 156 (2012) ("If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it."). Failure to communicate a plea offer to the defendant is deficient performance. *Frye*, 566 U.S. 144-48.

The United States argues that the prosecutor did communicate a plea offer to Mr. Victery's counsel on the day of the final pretrial conference. Dkt. 4-1 at 4. The United States further argues that the terms of the proposal were then discussed at the final pretrial conference. *United States v. Victery*, 1:17-cr-24-JMS-MJD-1 ("Cr. Dkt.") dkt. 87 at 29-30. At that conference, the following discussion took place:

> THE COURT: Roughly 96 percent of the cases in federal court end up with a Defendant either being convicted or pleading guilty. In fact, it is mostly guilty pleas. I am not suggesting you should plead guilty or not. Believe me, if you think you are not guilty, I want you to have a trial. In fact, unless you convince me you are guilty, I wouldn't let you plead guilty.
>
> There comes a time, however, that you can't change your mind and plead guilty and still get the benefit of accepting responsibility under the sentencing guidelines. And

3

> I know Mr. Donahoe will talk to you about that, but I would say that at least my own rule is if you haven't pled guilty by the Friday before trial, you will not get acceptance of responsibility points from me. And, of course, the Government controls a third point. And by then, they might say it is too late.
>
> * * *
>
> THE COURT: Mike, have you run a guideline calculation in the case?
>
> MR. DONAHOE: Yes, I have, Your Honor.
>
> THE COURT: Can you share it with me?
>
> MR. DONAHOE: I believe it is 27 – 33 without acceptance.
>
> THE COURT: Okay.
>
> MR. DONAHOE: But it has been a while.
>
> THE COURT: Sure.
>
> MR. DONAHOE: But that is my recollection.
>
> THE COURT: Yes. No criminal history points?
>
> MR. DONAHOE: Correct.
>
> * * *
>
> MR. DONAHOE: Well, let me make a correction. I just found it. It is 27 to 33 with credit for acceptance.
>
> THE COURT: With acceptance?
>
> MR. DONAHOE: With three levels off for acceptance.

Cr. Dkt. 87 at 21:6-20; 29:3-15; 29:23-30:1.

Thus, the parties did discuss the potential sentencing range if Mr. Victery pleaded guilty. But it is not clear from the transcript of the final pretrial conference that counsel had communicated the offer to Mr. Victery, and the United States has not pointed to any other evidence that counsel communicated any plea offers to Mr. Victery. Without such evidence, the Court cannot find that

4

the offer was communicated. But, even if counsel did not communicate a plea offer to Mr. Victery, Mr. Victery still must show that he was prejudiced by this failure. This requires him to establish two things: (1) it is reasonably probable that but for the incompetent advice of his attorney, he would have accepted the government's plea offer and pleaded guilty; and (2) it is reasonably probable that the court would have imposed a lower sentence. *Day v. United States*, 962 F.3d 987, 992 (7th Cir. 2020). Here, Mr. Victery has presented no evidence that he would have accepted the plea offer if it had been communicated to him. He therefore has failed to show he was prejudiced.

### B. Cross-Examining Witnesses

Next, Mr. Victery argues that his counsel was ineffective when cross-examining witnesses. Specifically, Mr. Victery argues that his counsel failed to ask particular questions of government witnesses Jerry Pettus, Internal Revenue Service ("IRS") Special Agent Michael Mannix, and Don Roque.

"[D]eciding what questions to ask a prosecution witness on cross-examination is a matter of strategy." *United States v. Jackson*, 546 F.3d 801, 814 (7th Cir. 2008). "'It is well established that our scrutiny of counsel's trial strategy is to be deferential and that we do not second guess the reasonable tactical decisions of counsel in assessing whether his performance was deficient.'" *Tucker v. United States*, 889 F.3d 881, 885 (7th Cir. 2018) (quoting *Johnson v. Thurmer*, 624 F.3d 786, 792 (7th Cir. 2010)). And, where an ineffective assistance of counsel claim arises from an alleged failure to adequately cross-examine a witness, the petitioner must explain "what [the witnesses'] responses to further cross-examination might have revealed [and] how those responses might have affected the result" at trial. *United States v. Rodriguez*, 53 F.3d 1439, 1449 (7th Cir. 1995); *see also Peterson v. Douma*, 751 F.3d 524, 531 (7th Cir. 2014) (citing *United States v.*

5

*Jackson,* 546 F.3d 801, 814 (7th Cir. 2008) ("deciding what questions to ask a prosecution witness on cross-examination is a matter of strategy")).

### 1. Jerry Pettus

Jerry Pettus, a forensic examiner with the FBI, testified that he found one of the alleged sham invoices on Mr. Victery's laptop. Cr. Dkt. 92 at 77-78. Mr. Victery argues that counsel failed to ask Mr. Pettus whether a virus could have been planted and whether Google Docs files automatically download from email. Mr. Victery also argues that counsel failed to ask Mr. Pettus about an internet protocol ("IP") address associated with Old National Bank and "the Edward Lewis allegations." Dkt. 4 at 4-5.

Mr. Victery has failed to show that counsel provided ineffective assistance by not questioning Mr. Pettus on these topics. First, Mr. Victery does not show, had counsel asked these questions, what Mr. Pettus would have answered. Mr. Victery is understood to suggest that the file containing the allegedly sham invoice found on his laptop could have come from a virus or a Google Docs file created by someone else, but he has no evidence to support such a conclusion. In addition, Mr. Victery was accused at trial of having fabricated an individual named Edward Lewis, who was affiliated with Old National, Incorporated, a business Mr. Victery established. Mr. Victery suggests that his counsel should have questioned Mr. Pettus about an IP address associated with Old National Bank in Indianapolis to call into question the evidence regarding the fabricated individual Edward Lewis. Mr. Victery again has failed to show how an IP address associated with Old National Bank would have related to the significant evidence that Mr. Victery had created the fictional person, Edward Lewis. *See* Cr. Dkt. 92 at 122-25.

### 2. Agent Mannix

Next, Mr. Victery argues that his counsel failed to question IRS Agent Mike Mannix about the ownership of companies that performed the transfers associated with the charges against him. In support, Mr. Victery asserts that witness Paul Bagley, who testified on this matter, did not have sufficient knowledge of those companies and the associated financial transfers. But defense counsel did question Mr. Bagley at length about his personal knowledge regarding the alleged transactions. *See* Cr. Dkt. 91 at 68-70; 89-90; 103-05. And, while Mr. Victery asserts that Mr. Bagley was not sufficiently involved to be knowledgeable on those topics, Mr. Victery has submitted no evidence to support this assertion. Mr. Victery's § 2255 motion is not sworn under penalties for perjury, and he does not demonstrate his personal knowledge on these topics. And he has failed to show how any questioning of Agent Mannix would have elicited different information than that introduced via the cross-examination that counsel did perform. He has therefore failed to show that his counsel performed deficiently.

### 3. Don Roque

Mr. Victery also contends that his counsel failed to properly address inaccurate testimony by witness Don Roque. Mr. Roque worked as a contracting specialist at Grissom Air Force Base and testified regarding allegedly false surety bonds. Cr. Dkt. 91 at 111-146. Mr. Victery contends that the bonds were not false and suggests that Mr. Roque was not qualified to testify regarding them. But, again, beyond his own bald unsworn assertions, Mr. Victery has provided no evidence to support his allegations. He has therefore failed to establish that his counsel provided ineffective assistance in this respect.

### D. Failure to Investigate

Finally, Mr. Victery argues that his counsel failed to investigate Bob Ruble as a potential perpetrator of the crimes at issue. When counsel's "purported deficiency is based on a failure to investigate, we require the petitioner to allege what the investigation would have produced." *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) (internal quotation omitted). Mr. Victery asserts that Mr. Ruble had the opportunity to perpetrate the fraud at issue and had previously been fired for fraudulent conduct. But counsel did address Mr. Ruble's potential involvement. *See* Cr. Dkt. 92 at 156-57 (closing statement). Mr. Victery has failed to show how counsel performed deficiently by failing to further investigate Mr. Ruble or that any further investigation would have produced evidence that would have altered the outcome of Mr. Victery's trial.

### IV. Conclusion

For the reasons explained in this Order, James Victery is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in No. 1:17-cr-24-JMS-MJD-1.** The motion to vacate, Crim. Dkt. [125], shall also be **terminated** in the underlying criminal action.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Victery has failed to show that

reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

Date: 2/10/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES D. VICTERY
3530 Prospect Street
Indianapolis, IN 46203

Cindy Jane Cho
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
cindy.cho@usdoj.gov

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov